IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


THOMAS L. TERRY,                    )
                                    )
                Petitioner,         )    Civil Action No. 08-287
                                    )
        v.                          )    Chief Judge Ambrose
                                    )    Magistrate Judge Caiazza
SUPT. SCRF MERCER, *et al*,         )
                                    )
                Respondents.        )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.  RECOMMENDATION

It is recommended that the Petition for Writ of Habeas

Corpus filed by Thomas L. Terry be dismissed because it is a

second or successive petition. It is likewise recommended that a

certificate of appealability be denied.


### II.  REPORT

**A. Discussion**

Thomas L. Terry ("Terry" or "the Petitioner"), a state

prisoner, has filed a federal habeas petition pursuant to the

provisions of 28 U.S.C. § 2254. He seeks to challenge his 1993

state convictions of aggravated assault and spousal sexual

assault. This is his fourth attempt to litigate the propriety of

the same state court conviction.

Terry's first federal habeas petition was filed at Civil Action No. 99-1695. Relief was denied in the District Court on February 20, 2001, and the United States Court of Appeals for the Third Circuit denied a certificate of appealability on April 11, 2002, finding that Terry's "claims are either procedurally defaulted or without merit." (Civil Action No. 99-1695, Doc. 15).

Terry attempted to file a Rule 60(b) Motion with respect to the 1999 habeas petition on April 28, 2005. The Motion was denied; his subsequent appeal was also denied by the Court of Appeals because the Motion constituted a second or successive petition pursuant to 28 U.S.C. § 2244. (Civil Action No. 99-1695, Doc. 24). This represented Terry's second attempt to file a federal habeas petition.

Terry filed another habeas corpus petition at Civil Action No. 07-1427, which was dismissed as a second or successive petition. (Civil Action No. 07-1427, Doc. 9). This was Terry's third attempt to file a federal habeas petition.

Now Terry again files a petition pursuant to 28 U.S.C. §2254. As the Court of Appeals has already ruled, however, any further attempt to litigate claims already addressed in his 1999 habeas proceeding is a "second or successive" habeas petition which this court has no jurisdiction to address.

The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. <u>Tyler v. Cain</u>, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he or she has already raised in a previous federal habeas petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not raised in a previous petition, the claim must also be dismissed -unless it falls within one of two narrow exceptions. One of the exceptions is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section 2254 petition, AEDPA requires that the petitioner first seek authorization from the Court of Appeals. 28 U.S.C. § 2244(3)(A).

Terry has already filed a "first" petition for purposes of the AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 18 U.S.C. § 2244(b)(3)(a). Clearly, this Court cannot exercise jurisdiction here because the plain language of

AEDPA requires that Terry receive the authorization of the Court of Appeals. <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002); <u>United States v. Kelly</u>, No. 97-0193, 2001 WL 1251208, at *1 (E.D. Pa. July 23, 2001)("Thus, this court is without jurisdiction to review [the] current petition before appropriate action is taken in the Court of Appeals.").

## B. <u>Certificate of Appealability</u>

A certificate of appealability should be denied because Terry has not shown that jurists of reason would disagree that his federal habeas petition represents a second or subsequent habeas petition. <u>See</u>, <u>e.g.</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground); <u>Walker v. Government of The Virgin Island</u>, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III.  CONCLUSION

It is recommended that Thomas L. Terry's Petition for Writ of Habeas Corpus be dismissed because it is a second or successive petition. It is likewise recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this

Report and Recommendation are due by March 17, 2008. Failure to timely file objections may constitute a waiver of any appellate rights.


s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge


Dated: February 28, 2008


cc:
THOMAS L. TERRY EJ-2540
SCRF Mercer
801 Butler Pike
Mercer, PA 16137-9651